IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-0016-WYD-MJW

MARK IRLANDA,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

      Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      This case involves a prisoner's negligence lawsuit against his jailer for injuries he suffered following an assault by fellow inmates.  Plaintiff, Mark Irlanda ("Irlanda"),a convicted sex offender, was incarcerated by the Colorado Department of Corrections at the Kit Carson Correctional Center ("KCCC").  The KCCC is a private prison owned and operated by Defendant Corrections Corporation of America ("Defendant") pursuant to a contract with the Colorado Department of Corrections.  On July 23, 2009, two prisoners, Benjamin Foos and Paul Balkey, assaulted Irlanda in his cell at KCCC.  Irlanda initiated this one-count negligence suit to recover monetary damages from Defendant for the physical injuries and emotional distress he suffered following the assault.  Currently before me is Defendant's motion for summary judgment.  [DE-31].  Having reviewed the parties' briefs [DE-42, 46], the relevant evidence and the cited authorities, I will grant in part and deny in part the motion as set forth below.

II.   PRELIMINARY ISSUES

In its reply brief, Defendant raises two issues that I must address at the outset - whether to strike (1) Irlanda's affidavit and (2) a July 21, 2009 Inmate Request form both submitted as attachments to Irlanda's response brief.  Def.'s Reply, p. 1 [DE-46].  Defendant first asks me to strike Irlanda's affidavit [DE 42-1] attached to the response brief because the statements contained therein contradict Irlanda's prior deposition testimony.  Defendant asserts that Irlanda testified at his deposition that he had no idea who Foos and Balkey were prior to the assault.  Tr. of Irlanda Dep., p. 38 [DE 42-2].  He further testified that he would have pointed out Foos and Balkey to his prison gaurds if he had known them prior to the assault.  *Id.*  Defendant maintains that Irlanda seeks to change this testimony through the affidavit submitted in support of his response to the motion summary judgment.  Irlanda now states that he pointed out Foos and Balkey to a prison guard prior to the assault.  The affidavit also indicates that Irlanda knew their nicknames, gang affiliation and cell numbers.  Irlanda Aff., ¶¶6-9, 12-13 [DE-42-1].  Defendant seeks to strike the affidavit because it is a "sham affidavit" designed only to create an issue of fact to defeat summary judgment.

Having compared the deposition testimony with the new affidavit, I disagree with Defendant that Irlanda has changed his deposition testimony.  Irlanda testified at his deposition that he pointed out Foos to correctional officers prior to the assault and identified foos as someone who he suspected "was going to do something."  Tr. of Irlanda Dep., pp. 39-40.  He repeated this statement no fewer than four times throughout his deposition.  *Id.* at pp. 40, 44 and 84.  While Defendant is correct in noting that Irlanda also stated that he did not know Foos prior to the assault, a fair reading of

these statements in the context of the entire deposition reflect that Defendant has greatly exaggerated the scope of Irlanda's "new" testimony. It appears to me that Irlanda merely testified that he did not know or interact with Foos prior to the assault. Accordingly, I do not find the affidavit to be a sham nor does it the substance of Irlanda's prior testimony. I will therefore deny Defendant's request to strike the entire affidavit.[1]

The second attachment to the response to the motion for summary judgment Defendant seeks to strike is an Inmate Request form dated July 21, 2009. [DE 42-1]. Defendant maintains that this form was not previously disclosed by Irlanda in discovery and is "potentially fabricated." Def.'s Reply., p. 8 [DE-46]. In Irlanda's response to the request to strike the Inmate Request form, he concedes that he failed to produce the document prior to the November 30, 2011, discovery cut-off in this case. He argues, however, that Defendant cannot be prejudiced by this failure because the document was actually in Defendant's possession the entire time. Pl.'s Resp., p. 5 [DE-48].

Federal Rule of Civil Procedure 16(f) authorizes sanctions against parties for failing to obey the terms of a scheduling order. Rule 37(c)(1) also allows sanctions for a party's failure to provide or supplement discoverable materials. Both rules refer to Rule 37(b)(2)(A)(I)-(v), which provides a list of potential options for a court's consideration in fashioning an appropriate sanction. Ultimately, however, the matter is left to the sound discretion of the court. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). A court's discretion is limited only by the requirements that the sanction be

---

[1]The part of the affidavit that relates to the July 21, 2009 Inmate Request form will be stricken as set forth below.

"just," and "related to the particular claim" at issue.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir.1992).

I must reject Irlanda's attempt to justify his dilatory disclosure of the Inmate Request form.  Irlanda neither sought nor received leave of Court to disclose the form well after the discovery deadline has passed and after the Final Pretrial Order has been entered.  Irlanda's suggestion that Defendant cannot be prejudiced because it possessed a copy of the form is not supported by the record.  Defendant submitted an affidavit establishing that it had not seen the form until Irlanda attached it to his Response brief.  Aff. of J. Fuchs, Ex. A-11 [DE-46].  More troubling to me is the complete lack of explanation from Irlanda why he failed to provide Defendant a copy of the form prior to the discovery cut-off or the entry of a Final Pretrial Order.[2]  In the absence of any explanation at this time,[3] the Court will strike the July 21, 2009 Inmate Request form - and the portions of the Irlanda's affidavit that relate to new information from that form - and will not consider that evidence in ruling on the motion for summary judgment.

III.    LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material

---

[2]Attached to the Final Pretrial Order is a list of all of the exhibits Irlanda intends to use at trial.  The July 21, 2009 Inmate Request form is not listed.

[3]Irlanda's suggestion that the form was in his parent's possession provides no explanation for why he failed to produce the form prior to the discovery cut-off.  Under Irlanda's recitation of the facts, he knew that he mailed a copy of the form to his parents so he always had knowledge of its whereabouts and contents.

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4]

In applying this standard, I "consider the evidence in the light most favorable to the

non-moving party." *Duvall v. Ga.-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259

(10th Cir. 2010) (internal quotation marks omitted).

IV.   LEGAL ANALYSIS

   A.   Negligence - Duty to Protect

      The parties disagree about the parameters of Irlanda's negligence claim.

Defendant describes the negligence claim as a straight forward state law negligence

claim.  Def.'s Mot., pp. 4-8 [DE-31].  Focusing on the "duty" element, Defendant argues

that it had no duty to protect Irlanda from unknown and unforseen harm.  Defendant

relies on *Davenport v. Community Corrections* where the Colorado Supreme Court

found that prison officials owed no duty to protect the plaintiff from harm caused by an

inmate.  962 P.2d 963, 967 (Colo. 1998),  Irlanda disagrees with Defendant and argues

that the source of the duty here is the Eighth Amendment, which requires prison officials

to provide "reasonable safety" for prisoners.  Pl.'s Resp., p. 12 [DE-42].  Although

Irlanda concedes he "did not sue for Eighth Amendment violations[,]" he still maintains

that the Eighth Amendment is the source of Defendant's duty under a state law

negligence claim.  *Id.* at pp. 12-13.

      Both parties are incorrect.  Defendant's reliance on *Davenport* is misplaced as

that case is inapposite and factually distinguishable from this case.  The court in

---

[4]By amendment effective December 1, 2010, the summary judgment standard previously
enumerated in subsection (c) was moved to subsection (a), and there was one word change from the
previous version—genuine "issue" became genuine "dispute."  Fed.R.Civ.P. 56 advisory committee note
(2010 Amendments).  But the "standard for granting summary judgment remains unchanged."  *Id.*

*Davenport* addressed whether a community corrections facility owed a duty to the general public to protect them from injuries caused by inmates.  962 P.2d at 967-69. Here, the issue is whether prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  A duty owed to the general public is simply irrelevant to the instant analysis.  Moreover, *Davenport* dealt with a community corrections facility, not a prison, where the inmates maintained full-time employment, provided their own transportation and spent a substantial amount of time off the premises without direct supervision.  962 P.2d at 968.  In this case Irlanda had no access to outside aid or the ability to come and go as he pleased.  Therefore, the holding in *Davenport* does not guide my decision in this case.

Irlanda's reliance on the Eighth Amendment is also misplaced.  Neither his pleadings nor the Final Pretrial Order makes any mention of Irlanda asserting a constitutional claim.  Irlanda's Complaint asserts one claim for relief entitled "For Negligence resulting in physical injuries and emotional distress."  Compl., p. 10 [DE-1]. Irlanda alleges that Defendant's employees owed him a duty of care to keep him safe from inmate assaults and they breached that duty, which proximately caused his injuries.  *Id* at ¶¶33-35.  Irlanda maintains that Defendant is "vicariously liable for the negligence of its employees[.]" *Id.* at 36.  The final Pretrial Order similarly provides:

> The employees of the Defendant owed the Plaintiff a duty of care to keep him safe from inmate assaults, once they were placed on notice of the threats, and had a duty to provide him adequate treatment and care when he was assaulted. This duty was breached, causing physical and emotional injuries to the Plaintiff.

*See* Order [DE-39].

The Complaint and Final Pretrial Order omit any reference to the Eighth

-6-

Amendment specifically or the constitution generally.  Irlanda has not pled a claim founded on the Eighth Amendment and cannot amend his pleadings by injecting a new theory in a response to a motion for summary judgment.  Therefore, the Eighth Amendment does not guide my duty analysis in this case.

Under Colorado law, to recover for negligence, a plaintiff must establish the existence of a duty, a breach of that duty, an injury, and a causal connection between the breached duty and the injury.  *Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo. 1989).  "The initial determination of whether a defendant owes a duty to the plaintiff is a question of law to be considered by the court.  *Davenport*, 962 P.2d at 966.  Irlanda maintains that the prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Under Colorado law, absent a special relationship between the parties, one does not owe another a duty to protect against injuries caused by third parties.  *Id.* at 967.

Colorado recognizes that a special relationship exists between the guards of a state-run prison and a prisoner.  *See Henderson v. Gunther*, 931 P.2d 115, 116 (Colo. 1997).  In that case, the Colorado Supreme Court noted that the special relationship exception arises where the State has taken an individual into custody and holds him there against his will.  *Id.* at 1155.  The record before me reflects that Irlanda's imprisonment in KCCC was no different than if he was imprisoned in a facility operated by the State of Colorado.  The special relationship described in *Henderson* would therefore also exist between the guards of a private prison and a prisoner.  931 P.2d 116.

Having concluded that Defendant's employees owed Irlanda a duty to protect him

from violence at the hands of other prisoners, I must still define the scope of that duty. *Davenport* makes clear that prison guards are not the insurers of a prisoner's safety from every harm. *See Davenport*, 962 P.2d at 968. Rather, prison guards are tasked with protecting prisoner's from foreseeable harm. *Id.* Therefore, Irlanda must establish that the danger posed to him was known, or with the exercise of due care, should have been known by Defendant's employees. *See Id.*

The thrust of Defendant's motion is that no duty exists because Defendant was unaware of the danger Foos and Balkey posed to Irlanda. Defendant argues that there is no evidence that Irlanda informed any of Defendant's employees that Foos and Balkey posed a threat to Irlanda's safety. Putting Irlanda's "newly found" evidence aside, his deposition testimony creates a disputed issue of fact on this issue. At his deposition, Irlanda clearly stated that he pointed out Foos to a correctional officers prior to the assault and identified Foos as someone who he suspected "was going to do something." Tr. of Irlanda Dep., pp. 39-40. Viewed in the light most favorable to Irlanda, this statement supports a finding that at least one of Defendant's employees knew that Foos posed a danger to Irlanda. Defendant's motion for summary judgment is therefore denied as to the failure to protect aspect of Irlanda's negligence claim.

B.    Negligence - Failure to Provide Medical Treatment

Irlanda's negligence claim also contains a "failure to provide medical treatment" component. Defendant moves for summary judgment on that claim arguing that Irlanda has produced no expert evidence that the medical treatment he received following the attack was deficient. Irlanda's response brief provides no real response to Defendant's argument. Instead, Irlanda merely notes that he does not need expert testimony

-8-

because this is not a malpractice case - this is a failure to treat case.

The problem with Irlanda's argument is that he concedes he received treatment - ibuprofen and ice. Pl.'s Resp., ¶6 [DE-42]. Thus, he has no claim that Defendant ignored his injuries and completely failed to provide medical treatment. Rather, Irlanda can only claim that Defendant's treatment of those injuries was deficient. Whether the medical treatment he received - ibuprofen and ice - was appropriate for his injuries is not within the common knowledge of ordinary persons. Accordingly, Irlanda needed to come forward with expert testimony to establish that he received deficient medical care. *Redden v. SCI Colorado Funeral Services, Inc.,* 38 P.3d 75, 81 (Colo. 2001)(expert testimony is needed where an issue is "not within the purview of ordinary persons."). Irlanda failed to introduce any such evidence. I will therefore grant summary judgment in favor of Defendant on Irlanda's negligence - failure to treat claim.

V.     CONCLUSION

Accordingly, it is

ORDERED THAT

(1)     Defendant's motion for summary judgment [DE-31] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Mark Irlanda's negligence claim based on failure to provide medical treatment. The motion is otherwise DENIED as set forth above.

(2)     Defendant's request to strike is GRANTED and the Court STRIKES the July 21, 2009 Inmate Request form [DE 42-1, p. 7 of 7] and the portions of Irlanda's affidavit that relate to new information from that form [DE 42-1, ¶8].

(3)     The parties shall contact my chambers on or before **October 10, 2012**, to

schedule a trial preparation conference and trial date.

Dated:  September 27, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge